FILED
Dec 06, 2019
10:03 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| Michael Stewart, | ) | Docket No. 2019-06-0815 |
| Employee, | ) | |
| v. | ) | |
| Don Kennedy Roofing, | ) | State File No. 23463-2019 |
| Employer, | ) | |
| And | ) | |
| American Cas. Co. of Reading, PA, | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

Michael Stewart filed a Request for Expedited Hearing challenging the denial of his workers' compensation claim. The present focus of this case is whether Mr. Stewart suffered an injury when he allegedly fell at work. After an expedited hearing on December 3, 2019, the Court holds Mr. Stewart is unlikely to prevail at a hearing on the merits and denies the requested relief.

### History of Claim

Mr. Stewart testified that on March 26, 2019, he arrived at work at approximately 5:46 a.m., used an employee entrance to the left side of the main entrance near a gate, got some coffee and then went to the restroom. He slipped on "something wet" on the restroom floor, fell and hit his left shoulder. In response to the Court's questioning, Mr. Stewart clarified he went to the restroom on the side of the building near the employee entrance he used.

According to Mr. Stewart, about eight or nine minutes later, he saw Tom Burns, a superintendent, and told him about his fall. Mr. Burns responded that he was busy and walked into his office. Mr. Stewart then saw Bill Childress, the safety director, and told him about the fall, but Mr. Childress likewise said he was busy and would talk to him later.

1

A few minutes later, per Mr. Stewart, Mr. Childress said he and Mr. Burns wanted to meet with him. They went to a large conference room, where Mr. Childress and Mr. Burns terminated Mr. Stewart.

Mr. Stewart testified that he sought emergency treatment on his own two days later but introduced no records of that treatment.

Don Kennedy Roofing denied the claim, arguing Mr. Stewart did not fall in the bathroom as described. It relied on the testimony of Mr. Childress and Mr. Burns. Specifically, Mr. Childress denied having a conversation with Mr. Stewart before they fired him and added that Mr. Stewart did not report a fall in the restroom during the termination meeting. Mr. Burns's testimony was equivocal. He testified on direct examination that Mr. Stewart neither reported a fall in the bathroom before the termination meeting nor did he mention it during the meeting. However, on cross-examination, he said he did not remember speaking with Mr. Stewart about a fall in the bathroom.

Much of the testimony revolved around videos from various vantage points inside the building on the morning at issue. Mr. Stewart did not object to the admissibility of the videos. Mr. Childress stated that Don Kennedy Roofing has forty-one or forty-two surveillance cameras. Mr. Childress stated repeatedly that the video shows Mr. Stewart using the main entrance, but it does not; it shows Mr. Stewart walking down the front hallway. Mr. Stewart denied using the front entrance.

The footage, time-stamped 5:58:30 a.m., shows Mr. Stewart in the front hallway, turning left, and walking down another hall. At 5:59:30, Mr. Stewart entered the work kitchen. Once inside, he got a cup of coffee at approximately 6:00:40. The video then shows Mr. Burns and Mr. Childress back in the hallway. They looked into a room, then turned around and walked in the other direction until they entered the large conference room at 6:02:45. Mr. Burns, Mr. Childress and Mr. Stewart talked for approximately two minutes. The video then shows Mr. Childress escorting Mr. Stewart toward the main entrance in the front hallway.

Mr. Childress testified that he and an IT staffer assembled the video from the various cameras in the facility. He stated that he reviewed all the videotape, but no other footage showed Mr. Stewart was at Don Kennedy Roofing until 5:58 that morning, and therefore the other video was not "relevant." Mr. Childress said the only conversation he had with Mr. Stewart was in the large conference room when they fired him.

Mr. Stewart countered that employees generally do not use the front entrance because it is locked at that time; Mr. Childress said that entrance automatically unlocks at 5:30 a.m. Mr. Stewart also questioned the reliability of the video generally, arguing that Don Kennedy Roofing only provided footage favorable to its position.

**Findings of Fact and Conclusions of Law**

Mr. Stewart, as the employee, has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an expedited hearing, he must show that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Mr. Stewart seeks medical benefits for an alleged injury to his shoulder. An employer must provide, free of charge to the employee, medical treatment made reasonably necessary by accident "as defined in this chapter." Tenn. Code Ann. § 50-6-204(a)(1)(A). Therefore, the Court looks to the statutory definition of "injury" to determine whether Mr. Stewart's shoulder injury falls within it. Tennessee Code Annotated section 50-6-102(14) defines "injury" as an "injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Further, an injury is accidental only if "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence[.]" *Id.* at (14)(A).

Here, Mr. Stewart provided his account of the accident regarding how he fell in the restroom and the events immediately preceding it. In contrast, Mr. Burns and Mr. Childress denied Mr. Stewart ever told them he fell in the restroom. In addition, they relied on videos to bolster their assertion that Mr. Stewart did not arrive at work that morning until 5:58 a.m. and never entered the restroom for the brief time he was in the building.

Considering the conflicting testimony, the Court finds it troubling that, by his own admission, Mr. Childress and a coworker edited the video to include only portions that he considered "relevant." However, the Court may only take into account the evidence before it. In that regard, the videos clearly show Mr. Stewart walking down the hallway near the main entrance at 5:58 a.m. Importantly, while Mr. Stewart questioned repeatedly why Don Kennedy Roofing did not present video from earlier that morning, he made no effort to obtain it or introduce it into evidence. The Court also finds it significant that Mr. Stewart did not testify as to why he was in the hallway near the main entrance at that time.

In sum, the Court cannot find that Mr. Stewart presented sufficient evidence that he is likely to prevail at a hearing on the merits.

**IT IS ORDERED** as follows:

1. The Court denies Mr. Stewart's request for relief at this time.

2. This case is set for a scheduling hearing on **February 3, 2020, at 10:45 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED December 6, 2019.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit
2. Work restrictions-Identification only
3. Denial
4. Videotape
5. Text messages
6. Photo of main entrance to Don Kennedy Roofing
7. Floor plan of Don Kennedy Roofing

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Show Cause Order
4. Order on Show Cause Hearing
5. Request for Expedited Hearing
6. Employer and Carrier's Witness and Exhibit List
7. Expedited Hearing Statement of Employer and Carrier

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on December 6, 2019.

| Name | Certified Mail | Regular Mail | Email | Sent to: |
|------|------|------|------|------|
| Michael Stewart, Self-Represented Employee | x | | x | 9953mike@gmail.com<br>111 Hoffman Pl.<br>Madison TN 37115 |
| David Deming, Employer's Attorney | | | x | ddeming@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

     My employer's address is: _____

     My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing       $ _____ per month

Gas              $ _____ per month    Child Care     $ _____ per month

Transportation   $ _____ per month    Child Support  $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____    (FMV) _____

Other                 $ _____    Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082